UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| RICHARD FRANK PETH, | ) | |
| | ) | |
| Petitioner, | ) | CASE NO.   C04-2305RSM-MJB |
| | ) | (CR02-346RSM) |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Respondent. | ) | |

## INTRODUCTION

Petitioner is a federal prisoner who is currently confined at the Federal Correctional Institution at Sheridan, Oregon. Petitioner has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his federal court sentence. The government has filed a response in which it opposes petitioner's motion. The parties have also filed supplemental briefs addressing the impact of *United States v. Booker*, 125 S. Ct. 738 (2005), on this case. Following a careful review of the record, this Court concludes that petitioner's § 2255 motion should be denied.

## PROCEDURAL HISTORY

On January 16, 2003, pursuant to a plea agreement entered into with the government, petitioner pleaded guilty to five counts of bank robbery. (CR02-346RSM, Dkt. Nos. 15 and 16.) The plea agreement reflects that the parties agreed, for purposes of sentencing, that the evidence

REPORT AND RECOMMENDATION
PAGE 1

supported the following upward adjustments to petitioner's base offense level under the United States Sentencing Guidelines: (1) a two-level upward adjustment because the property taken belonged to a financial institution; and, (2) a four-level upward adjustment for the grouping of offenses. (CR02-346RSM, Dkt. No. 16 at 6.) The presentence report prepared by the United States Probation Office in advance of petitioner's sentencing hearing recommended an additional upward adjustment of three levels because petitioner "brandished or possessed" a dangerous weapon. (*See* Dkt. No. 2 at 2-3; Dkt. No. 10 at 3.)

On May 2, 2003, petitioner appeared before the Honorable Barbara Jacobs Rothstein, United States District Judge, for sentencing. (*See* CR02-346RSM, Dkt. No. 24.) Judge Rothstein agreed that the three-level upward adjustment recommended by the Probation Office for brandishing or possessing a dangerous weapon was appropriate. (*See id.*, Dkt. No. 30 at 10-11.) She also denied a request by petitioner for a three-level downward departure based upon diminished mental capacity, and she imposed a low end sentence of 78 months imprisonment. (*Id*, Dkt. No. 30 at 11-12.) Petitioner appealed his sentence to the Ninth Circuit Court of Appeals. Petitioner argued on appeal that the court applied an incorrect legal standard when it denied his request for a downward departure based on his reduced mental capacity. *See United States v. Peth*, 81 Fed. Appx. 237 (9th Cir. 2003). The Ninth Circuit dismissed the appeal on November 14, 2003. *Id.*

On November 12, 2004, petitioner, through counsel, filed the instant motion for relief under § 2255. The government filed its response to petitioner's motion on January 6, 2005, and the motion was placed on the Court's calendar for consideration on January 28, 2005. The parties thereafter requested that the date for consideration of petitioner's § 2255 motion be extended and that they be permitted to submit additional briefing to discuss the impact of *Booker* on the issues presented in petitioner's motion. The parties' request was granted, and supplemental briefing with respect to *Booker* was submitted for the Court's review.

REPORT AND RECOMMENDATION
PAGE 2

DISCUSSION

Petitioner asserted in his § 2255 motion, and supporting memorandum, that his sentence was enhanced in violation of his Fifth and Sixth Amendment rights when he received a three-level adjustment for brandishing a dangerous weapon and a four-level multiple-count adjustment based upon facts which were not submitted to a jury or proven beyond a reasonable doubt. Petitioner also asserted that his Sixth Amendment right to confrontation was violated when the sentencing court determined facts regarding the brandishing a dangerous weapon enhancement without giving petitioner an opportunity to cross-examine witnesses. Petitioner relied upon the United States Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 124 S. Ct. 2531 (2004), to support his request for relief. The government, in its response to petitioner's motion, argued that *Blakely* did not apply retroactively to petitioner's claims.

In his supplemental brief, petitioner argues that the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005), confirms that he is entitled to relief on his *Apprendi* claim because the result in *Booker* was dictated by *Apprendi*, a case which was decided before petitioner's conviction became final. Petitioner maintains that *Booker* did not announce a new rule and, thus, *Teague v. Lane*, 489 U.S. 288 (1989), does not bar relief. Petitioner further argues that even if *Booker* did announce a new rule, it applies retroactively, and he is therefore entitled to relief. The government, in its response to petitioner's supplemental brief, argues that *Booker* does not state a new rule of law and should not apply retroactively to cases on collateral review.

Resolution of petitioner's claims turns on whether the Supreme Court's decision in *Booker* announced a new rule and, if so, whether that new rule applies retroactively. The Supreme Court has been silent as to whether *Booker* applies retroactively. However, the Ninth Circuit – and all other circuit courts that have considered the question – has held that *Booker* did announce a new rule, that the rule does not meet any of the *Teague* exceptions, and that the rule therefore does not operate retroactively. *See United States v. Cruz*, __F.3d__, Case No. 03-35873 (9th Cir.

REPORT AND RECOMMENDATION
PAGE 3

September 16, 2005). As petitioner's conviction became final prior to the date *Booker* was decided, and as the Ninth Circuit has now made clear that *Booker* does not apply retroactively to cases on collateral review, petitioner's § 2255 motion must fail.

## CONCLUSION

For the foregoing reasons, petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, should be denied. A proposed order is attached to this Report and Recommendation.

DATED this 17th day of October, 2005.

*[signature]*

MONICA J. BENTON
United States Magistrate Judge